**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Walter Mitchell,**

          *Plaintiff*,

**v.**                                              **Case No.: 3:18-cv-60-TMR
Judge Thomas M. Rose**

**DayMet Credit Union,**

          *Defendant.*

---

**ENTRY AND ORDER GRANTING DEFENDANT DAYMET CREDIT UNION'S MOTION TO DISMISS, ECF 3.**

---

Pending before the Court is Motion of DayMet Credit Union ("DayMet") to dismiss Plaintiff Walter Mitchell's ("Mitchell") claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). ECF No. 3. Mitchell filed the complaint on March 2, 2018. ECF No. 1. DayMet filed the present motion and memorandum in support of the motion on June 4, 2018. ECF Nos. 3, 4. Mitchell filed his response to the motion on June 25, 2018. ECF No. 6. DayMet filed its reply to the response motion on July 5, 2018. ECF No. 8. DayMet has filed three notices of supplemental authority in the action, to which Mitchell has responded twice. ECF Nos. 11-12, 14, 16-17. Mitchell has also filed two notices of supplemental authority. ECF Nos. 9, 10. Because Mitchell's complaint requests injunctive relief but alleges no future harm, DayMet's Motion to Dismiss for Lack of Standing is hereby granted.

## I. Background

Plaintiff Walter Mitchell is a blind resident of Ohio. ECF No. 1 ¶ 5. Mitchell uses screen reading technology to access websites. He alleges that he attempted to access Defendant DayMet's website, but he was unable to navigate the website because it was incompatible with screen reading technology. ECF No. 1 ¶ 14-17. Mitchell has sued DayMet under Title III of the Americans with Disabilities Act (ADA), alleging that DayMet is denying blind and visually impaired individuals equal access to DayMet's website. ECF No. 1 at Count I.

DayMet is a Credit Union that limits its membership to those who "live, work, attend school, or worship in Montgomery, Miami, Greene, or Clark Counties in Ohio." ECF No. 4 at 5. Mitchell is not a member of DayMet, and DayMet alleges that he cannot become a member of DayMet. *Id.* Mitchell, however, alleges that he is eligible for membership in DayMet because he publishes a newsletter, the National Foundation for the Blind Newsletter, in three of those counties, and interacts with and visits subscribers of the newsletter in those counties, such that he works in those counties. ECF No. 1 ¶ 4.

Mitchell alleges that he visited DayMet's website several times. *Id.* ¶ 17. He alleges DayMet's website deficiencies as follows: "(1) Linked image missing alternative text . . . result[ing] in an empty link . . . ; (2) [e]mpty or missing form labels . . . ; and (3) [r]edundant [l]inks where adjacent links go to the same URL address . . . ." *Id.* ¶ 15. Mitchell alleges that these deficiencies "denied [him] full and equal access, and deterred [him] on a regular basis from accessing [DayMet]'s website." *Id.* ¶ 17. Mitchell also alleges he was deterred from visiting DayMet's physical locations because of the deficiencies on DayMet's website. *Id.* ¶ 17. Mitchell has requested injunctive relief requiring DayMet to make its website equally accessible for blind

and visually impaired individuals, for attorney fees and expenses, litigation costs, and for any other relief this Court might find appropriate. *Id.* at Relief Requested, PageID 11.

DayMet has moved to dismiss Mitchell's suit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The standard of review will be applied below, followed by an analysis of the arguments.

**II.     Standard of Review**

Before the Court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, under a Rule 12(b)(6) motion, the Court must first resolve whether it may exercise jurisdiction over the subject matter. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993). "Federal courts may exercise jurisdiction only where an actual 'case or controversy' exists." *Parsons v. U.S. Dep't of Justice*, 801 F. 3d 701, 709-10 (6th Cir. 2015) (citing U.S. Const. art. III, § 2). The case or controversy requirement has been interpreted as requiring "a litigant have standing to invoke the jurisdiction of the federal courts." *Parsons*, 801 F. 3d at 710 (internal citation and quotation marks omitted). In other words, this Court must first determine the 12(b)(1) motion before it may determine the 12(b)(6) motion before it.

**A. Subject-Matter Jurisdiction Standard of Review**

When subject-matter jurisdiction is challenged, the party claiming the jurisdiction bears the burden of proving it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." The standard of review of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren County*, 847 F. 3d 812, 816-17 (6th Cir. 2017)

(citing *Carrier Corp. v. Outokumpu Oyj*, 673 F. 3d 430, 440 (6th Cir. 2012). A facial attack—which DayMet uses here—"questions merely the sufficiency of the pleading." *Id.* (citing *Gentek Bldg Prods., Inc. v. Sherwin-Williams Co.*, 491 F. 3d 320, 330 (6th Cir. 2007)). This requires the Court to "take[] the allegations in the complaint as true." *Id.* A factual attack of the subject-matter jurisdiction, however, would raise a factual controversy, and would require the district court to weigh evidence to determine whether subject-matter jurisdiction does in fact exist. *Id.* Because the attack DayMet makes in this case is facial, the Court will only review the complaint to determine the sufficiency of jurisdiction.

### B. Failure to state a claim motion standard.

"The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)). Moreover, the purpose of the motion is to test the formal sufficiency of the statement of the claim for relief. *Id.* "[F]or the purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Further, the factual allegations must be enough to raise a right to relief above the speculative level and must also do something more than merely create a suspicion of a legally cognizable right. *Id.* However, the Court is not bound to accept as true a legal conclusion couched as factual allegation or unwarranted factual inferences. *Id.* at 555; *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987); *See also Ashcroft v.*

4

*Iqbal*, 556 U.S. 662 (2009). Moreover, only well-pleaded facts are construed liberally in favor of the party opposing the motion to dismiss. *Lillard v. Shelby County Bd. Of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).

**III.    Analysis**

DayMet challenges the sufficiency of Mitchell's complaint in two respects. First, DayMet alleges that Mitchell has not suffered an injury in fact or alleged a future harm to establish standing. ECF No. 4 at 5. Specifically, DayMet alleges that Mitchell suffered no harm because he is not eligible for membership in the credit union and therefore cannot enjoy its benefits. *Id.* DayMet further alleges that because Mitchell is seeking injunctive relief he is required to allege a future harm, but fails to do so. *Id.* at 9. In these respects DayMet challenges Mitchell's standing to bring the suit in federal court.

The second way DayMet challenges Mitchell's complaint is by asserting that he fails to state a claim upon which relief can be granted. *Id* at 10. DayMet alleges that (1) a website is not a place of public accommodation, and is therefore not covered by the ADA; and (2) because Mitchell was provided an auxilliary aid that was adequate under the ADA guidelines. *Id.* at 11, 17.

DayMet offers two alternative theories for dismissal. First, DayMet challenges the relief sought in the complaint as a violation of its due process right under the Fifth Amendment, theorizing that the standard set forth in Title III of the ADA is too vague. *Id.* at 19. The final request DayMet makes asks this Court to dismiss the action based on the doctrine of primary jurisdiction. *Id.* DayMet does so by claiming the Department of Justice ("DOJ") has primary jurisdiction over this matter, and the Court should, as a practical matter, decline to exercise jurisdiction until the DOJ has promulgated rules for websites under Title III. *Id.*

The Court will end its inquiry at the 12(b)(1) motion, in which the standing of Mitchell is challenged because the Court fails to find jurisdiction over this matter.

### A. Standing

To establish Article III standing three elements must be met, and "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 560-61. The standing elements are:

> First, the plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted).

For an injury to be particularized, it must affect the plaintiff in a personal and individual way. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016) at 1548. An injury must also be concrete, but need not be a tangible harm. *Id.* at 1549. For intangible harms, Congress may define injuries and articulate chains of causation that will give rise to a case or controversy. *Id.* However, a mere statutory violation without injury is not sufficiently concrete to satisfy the injury in fact requirement of Article III. *Id.* at 1549 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

DayMet alleges that Mitchell has suffered no actual injury because he is not eligible to become a member of the credit union and is not a current member. *See Griffin v. Dep't of Labor Fed. Credit Union*, 293 F. Supp. 3d 576 (E.D. Va. 2018) ("without membership or even the ability to become a member, there is not harm to plaintiff"). However, "eligibility for membership in the credit union is not a prerequisite for standing." *Brintley v. Aeroquip Credit Union*, 321 F. Supp. 785, 790 (E.D. Mich. 2018); *See PGA Tour, Inc. v. Martin*, 532 U.S. 661,

679 (2001) (noting there is no general requirement of client or customer status in Title III of the ADA). Moreover, the Fourth Circuit precedent on which DayMet relies, increases the pleading standard for an injury in fact past the constitutional minimum. *Brintley v. Aeroquip Credit Union*, 321 F. Supp. 3d 785, 790 (E.D. Mich. 2018) (barriers on defendant's website constituted a concrete and particularized injury despite not being eligible for membership at the credit union); *See Houston v. Marod Supermarkets, Inc.*, 733 F. 3d at 1334 (11th Cir. 2013) (holding that a bona fide patron requirement is not required for standing to be proved under Title III).

In the context of the Americans with Disabilities Act (ADA) Congress has articulated dignitary harms occur when individuals with disabilities encounter discrimination. *See* 42 U.S.C. § 12101(a)(2), (a)(7); *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 724 (8th Cir. 2003). For Title III of the ADA, Congress has allowed only injunctive relief when the rights are enforced through private action. 42 U.S.C. §§ 12188(a)(1), (b)(2)(B) (allowing the court to award damages when they are requested by the Attorney General but allowing private parties to seek injunctive relief and costs associated with court).

Based on Mitchell's allegations, he has suffered a dignitary harm, by accessing DayMet's website on multiple occasions, during which he was unable to navigate the website, denying him equal access to the services and amenities of DayMet. ECF No. 1 ¶¶ 15-17. This dignitary harm Mitchell suffered is cognizable, as articulated by Congress, however, he may not seek redress for damages based on the past harms he has suffered under Title III of the ADA. *See Spokeo*, 136 S. Ct. at 1549; 42 U.S.C. § 12188.

Mitchell is requesting injunctive relief through Title III of the ADA. Although Congress has recognized discrimination by places of public accommodation as an injury, it requires private parties seeking relief to articulate future harm when pursuing a Title III claim. *See* 42 U.S.C. §

7

12188(a)(1); *Shaver*, 350 F. 3d at 724. Title III does not require that a person with a disability engage in a futile gesture, if that person has actual notice that an organization does not intend to comply with its provisions. 42 U.S.C. § 12188(a)(1); *Shaver*, 350 F. 3d at 724.

To have standing to seek an injunction in federal court, a plaintiff must show a non-speculative threat that he will again experience injury as a result of the alleged wrongdoing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). For plaintiffs to show standing for injunctive relief in ADA cases, they must show a plausible intention or desire to return to the place but for the barriers at the place of public accommodation. *Kramer v. Midamco*, 656 F. Supp. 2d 740, 747 (N.D. Ohio 2009). The intention to return must be specified, "[i]ntent to return to the place of injury some day is insufficient." *Id.* (citing *Lujan*, 504 U.S. at 564). This is where Mitchell's claim fails.

Although Mitchell has claimed past injury caused by barriers within DayMet's website, he fails to allege an intent to return. Mitchell's specific language was that "[he] would have independently and privately investigated [DayMet]'s service, privileges, accommodations and amenities, and found the location to visit via [DayMet]'s website . . . ." ECF No. 1 ¶ 16. Mitchell contends he has sufficiently pleaded future harm. ECF No. 6 at 7. However, these allegations fail to meet the constitutional requirements that an alleged future harm will plausibly occur. *Id.* ("[p]laintiff intends to use defendant's website if it became accessible" citing to paragraph sixteen of the complaint).

Paragraph 16 of the complaint alleges nothing more than speculative future harm. The words used in that paragraph, nor in any other paragraph in Mitchell's complaint, indicate a future intent to return to the website. *See* ECF No. 1. Granting all possible favorable inferences to Mitchell, as the Court must do, there is some indication Mitchell would visit the website again

if it became accessible because he encountered barriers on the website multiple times in "recent months." *Id.* ¶ 17. The inferences drawn from the past discrimination, however, still fail to particularize whether a future injury is imminent. *See, e.g. Aeroquip*, 321 F. Supp. 3d at 790.

Mitchell relies on *Houston v. Marod Supermarkets, Inc.*, Eleventh Circuit precedent, for his contention that he has pleaded a future injury. 733 F.3d 1323 (11th Cir. 2013). In *Houston*, the defendant challenged standing because the plaintiff's intent to return was speculative. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d at 1340. There, the Court found that the plaintiff's intention to visit the store when traveling to his lawyer's office as sufficiently concrete. *Id.* Where, as here, Mitchell does not articulate any reason to revisit the website, and does not state an intention to visit the website if its alleged barriers are remedied. *See Aeroquip*, 321 F. Supp. 3d at 790 (holding the complaint does not satisfy the real or immediate threat requirement because "it is devoid of allegations of plaintiff's plans or intent to use defendant's services in the future"). Thus, the complaint, as written, fails to meet the constitutional standards of particularized, non-speculative, imminent harm.

Mitchell, in his response to the motion to dismiss, requested this Court's leave to amend his complaint to "cure any curable pleading deficiency regarding constitutional standing to sue." ECF No. 6 at n. 13. Courts in the Sixth Circuit have granted leave in similar situations. For instance, in the *Brintley* cases, the plaintiffs were granted leave to amend the complaint because there was still a pending cause of action before the court. *Aeroquip*, 321 F. Supp. 3d at 790; *Belle River*, No. 17-13915, 2018 U.S. Dist. LEXIS 121198, at *7. On the other hand, the *BMI* court held that absent an additional claim, and where the plaintiff amended complaint once as a matter of course, that it declined to grant leave to amend. *Mitchell v. BMI Fed. Credit Union*, No. 2:18-CV-137, 2019 U.S. Dist. LEXIS 43339, at *10-11 (S.D. Ohio Mar. 18, 2019). Here, Mitchell has

no other counts pleaded in his complaint, but has not amended his complaint at all. The Court does not consider the request made by Mitchell a formal motion. *See Coriale v. Xerox Corp.*, 775 F. Supp. 2d 583, 600-01 (W.D.N.Y. 2011) *aff'd Coriale v. Xerox Corp.*, 2012 U.S. Appx. 387 (2nd Cir. 2012). Because Mitchell's request was not a formal motion, the Court is unable to distinguish between *BMI* and the present case. *BMI*, No. 2:18-CV-137, 2019 U.S. Dist. LEXIS 43339, at *10-11. Thus, the Court hereby **GRANTS** DayMet's motion to dismiss without prejudice.

The Court declines to evaluate any further arguments on their merits at this time.

**IV      Conclusion**

In sum, this Court **GRANTS** DayMet's motion to dismiss for lack of standing because Mitchell has failed to allege future harm. The case will be dismissed without prejudice. ECF No. 3.

**DONE** and **ORDERED** this Friday, August 02, 2019.[1]

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution and assistance of judicial intern Anthony D. Maiorano in drafting this opinion.